

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# USA v. Dane Kistner

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Dane Kistner" (2009). *2009 Decisions*. Paper 2038.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2038

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 08-1563

_____

UNITED STATES OF AMERICA

v.

DANE E. KISTNER,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-07-cr-00163-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before: SLOVITER and BARRY, Circuit Judges, and POLLAK,[*] District Judge

(Filed January 14, 2009  )
_____

OPINION
_____

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

Appellant Dane Kistner challenges the reasonableness of his sentence following entry of a guilty plea for enticing a minor to engage in sexually explicit conduct for the purposes of producing a visual depiction, in violation of 18 U.S.C. § 2251(a).

## I.

Because we write primarily for the parties, our recitation of the facts is brief. In February 2007, Kistner, then fifty-four years old, engaged in repeated acts of sexual intercourse with a fifteen-year-old girl, P.A., over the course of about one week. Kistner also took numerous digital photographs of P.A., including twelve that met the definition of child pornography, and he attempted to delete or conceal these photographs on his computer once he became aware of the investigation into his relationship with P.A. The District Court found that "it is clear that [Kistner] knew the victim suffers from a mental health disorder," App. at 34, and, of course, he was aware of P.A.'s age as well.

As noted above, Kistner pleaded guilty to a violation of 18 U.S.C. § 2251(a). The District Court calculated Kistner's sentencing range under the Sentencing Guidelines to be 180-210 months imprisonment, after adjusting the range for a statutory minimum sentence of 180 months imprisonment. Although, pursuant to his plea agreement, the government recommended the statutory minimum sentence, the District Court sentenced Kistner to 195 months imprisonment. The District Court also ordered that Kistner be evaluated for a sex offender treatment program, ordered a below-Guidelines fine of $800,

2

restitution of about $794, and a special assessment of $100, and imposed a lifetime term of supervised release.[1]

## II.

We review the procedural and substantive reasonableness of a sentence under an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007).

According to Kistner, his sentence was unreasonable because the District Court failed to give adequate weight to his past age-appropriate relationships and his age at sentencing. However, the District Court throughly reviewed Kistner's history and characteristics, including his family history, military service, record of employment, psychiatric issues, and absence of a criminal record. The District Court held that these factors were outweighed by the seriousness of the offense and the need for just punishment as well as general and specific deterrence. In light of the nature of the offense, including the age disparity between Kistner and his victim, his awareness of her mental health disorder, his concealment, and the impact of his crime on the victim and her family, we cannot conclude that District Court abused its discretion.

Kistner next argues that his sentence was unreasonable because the District Court relied in part on his awareness of P.A.'s mental health disorder, even though the District Court acknowledged that there was no proof that Kistner knew that P.A.'s mental

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

disorder made her more vulnerable (as it did) to his advances. However, the District Court could reasonably consider Kistner's awareness of P.A.'s mental health condition, see 18 U.S.C. § 3661, as well as her youth, which was relevant to the District Court's consideration of the nature and seriousness of the offense.

Finally, Kistner argues that the District Court improperly inferred that he had plans to pursue other young females from the fact that investigators found several photographs of other, unidentified girls in his home. Again, the District Court was entitled to consider these photographs as part of the totality of the circumstances surrounding the nature of the offense as well as Kistner's history and characteristics. Moreover, we note that nothing in the record suggests that the District Court placed significant weight on these photographs when rendering Kistner's sentence.

In sum, the record demonstrates that the District Court appropriately calculated the sentencing range recommended under the Sentencing Guidelines, exercised its discretion by considering the relevant sentencing factors under 18 U.S.C. § 3553(a), and provided a reasoned explanation for its conclusions. Moreover, considering the totality of the circumstances, we cannot say that the District Court's sentence was substantively unreasonable under an abuse of discretion standard. Thus, we conclude that the Kistner's sentence was both procedurally and substantive reasonable.

## III.

For the above-stated reasons, we will affirm the sentence.